IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Lipinski, # 93354-509,<br><br>Petitioner,<br><br>v.<br><br>Warden, FCI Estill,<br><br>Respondent. | C/A No. 1:26-cv-313-JFA<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Michelle Lipinski, ("Petitioner"), proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2241 against the warden of Federal Correctional Institution ("FCI") Estill ("Respondent"), alleging she has not received sufficient medical care for an ongoing spinal condition. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the Petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed because a § 2241 petition is not permitted under these facts, and the Court should decline to construe the Petition as a complaint that asserts a *Bivens*[1] claim. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts

---

[1]    *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397, 392 (1971)

and standards without a recitation. (ECF No. 9). Plaintiff filed objections to the Report. (ECF No. 12). This matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing her filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 9). In short, Petitioner alleges that one month prior to her federal court sentencing she underwent spinal surgery. (ECF No. 4). She claims that her neurosurgeon indicated that she would require one year of close monitoring, restricted movement, protection of the surgical site, and follow up care. *Id.* She alleges that while incarcerated she has lacked continuity of care, the opportunity to follow-up with a specialist, her back brace has been damaged, and she has been forced to engage in physical labor. *Id.* She alleges that she is experiencing constant severe pain and neurological symptoms. *Id.*

The Magistrate Judge recommended this matter be summarily dismissed because while Petitioner indicates she is bringing a petition pursuant to 28 U.S.C. § 2241 because she is challenging the unconstitutional manner in which her sentence is being executed, the claims asserted challenge the conditions of her prison life, not the fact or length of her custody. (ECF No. 9, pp. 4–5) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973)). Further, the Report suggests this Court decline to construe the petition as a complaint stating a *Bivens* claim due to the difference in required filing fees and because even if the claim were brought as a *Bivens* claim, she failed to exhaust her administrative remedies. *Id.*

Petitioner enumerated five separate objections. (ECF No. 12). Each objection is addressed herein.

Objection 1

Petitioner's first objection argues that the Report erred in determining these claims are not properly asserted with a § 2241 petition. Upon conducting a *de novo* review of Petitioner's filings, this objection is overruled. The Fourth Circuit has not issued a published opinion regarding whether a prisoner's claim addressing conditions of confinement may be raised in a habeas petition. *See Farabee v. Clarke*, 967 F.3d 380 (4th Cir. 2020). However, "courts have generally held that a § 1983 suit or *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not." *Braddy v. Wilson*, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of § 2241 petition with prejudice but without prejudice as to [the petitioner's] right to file a *Bivens* action).

Here, Petitioner is specifically alleging constitutional violations regarding the conditions of her confinement, not the fact or duration of her sentence. (ECF No. 12, p. 2 "Petitioner does not challenge her conviction. She does not challenge the length of her sentence. She does not seek damages. She seeks narrowly tailored injunctive relief necessary to prevent permanent neurological injury and cardiac deterioration.") Thus, a § 2241 petition is not the appropriate means for bringing these claims. Accordingly, Petitioner's first objection is overruled.

Objection 2

Petitioner's second objection argues that "summary dismissal without factual development is inappropriate." (ECF No. 12, p. 3). Petitioner argues that because she has alleged ongoing severe pain and possible worsening of her injuries, Respondent should be required to answer as to whether specialist referrals have been denied, diagnostic imaging has been refused, medical restrictions have been overridden, or if cardiology evaluation has been withheld. *Id.* As discussed herein, Petitioner has not properly asserted her cause of action. Accordingly, the apparent importance of the substance of her claim does not require that this Court order Respondent to respond as the claim is procedurally deficient and cannot be remedied at this stage. Thus, Petitioner's second objection is overruled.

Objections 3, 4, & 5

Petitioner's third, fourth, and fifth objections are interpreted to argue that this Court should reconstrue this matter as a *Bivens* claim and allow Petitioner to amend her complaint. Further she argues that "the court retains equitable authority to prevent irreparable constitutional injury." The Report accurately explained that recharacterizing

this petition as a *Bivens* action would be inappropriate because doing so is disfavored due to the difference in filing fee, Petitioner failed to name individual defendants who acted personally in violating her rights, and Petitioner has admittedly declined to exhaust her administrative remedies. (ECF No. 12). In her objections, Petitioner indicates she is willing to pay any required filing fee difference and name the appropriate parties if given leave to amend. *Id.* However, Petitioner argues she should be excused from exhausting her administrative remedies because the administrative grievance policy is a lengthy process and "[a]dministrative exhaustion is not jurisdictional in § 2241 proceedings." *Id.* As discussed, this action may not be brought pursuant to § 2241 and accordingly the jurisdictional requirements for exhausting administrative remedies under § 2241 is irrelevant.

"A *Bivens* action, like an action under § 1983, is subject to the exhaustion of administrative remedies. Exhaustion of administrative remedies applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. It is required even when the relief sought is not available. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior* to filing a complaint in federal court." *United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *4 (N.D.W. Va. Apr. 8, 2014) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)) (citation modified).

Accordingly, while Petitioner argues she is willing to pay the increased filing fee and name the individual parties alleged to have caused her injuries, she has failed to exhaust

administrative remedies. Accordingly, Petitioner's third, fourth, and fifth objections are overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 9). Consequently, the petition is dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

April 9, 2026                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge